## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

LATISHA BROWN,

                                 **Plaintiff,**

-vs-                                       **Case No.  6:08-cv-528-Orl-28KRS**

M/I HOMES OF ORLANDO, LLC,

                                 **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE (Doc. No. 16)** |
| **FILED:**    **September 26, 2008** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

      On April 8, 2008, Plaintiff Latisha Brown filed a complaint against Defendant M/I Homes of Orlando, LLC, for violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (FLSA).  Doc. No. 1.  The complaint was styled as a collective action.  However, no other employees have filed notices to join in the action.

      Subsequently, the parties reached a settlement for which they now seek court approval.  Doc. No. 16.  In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or

compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353.

In response to the Court's Interrogatories, Brown averred that she was owed wages of $41,805.00, plus liquidated damages in the same amount.  Doc. No. 12.  After Defendant filed its verified summary and the parties held settlement discussions, it was learned that Brown had taken a significant maternity leave, was paid a salary rather than hourly, did not work the number of hours of overtime she averred, and had taken personal days and other leave not initially provided for in her answers to interrogatories.  Accordingly, the parties have calculated the overtime compensation arguably due to Brown for two years before the complaint was filed as $4,274.20.  Doc. No. 18 at 4.  Under the settlement, Brown will receive $5,750.00.  In the settlement negotiations, all parties were represented by experienced counsel.

Based on the representations in the Plaintiff's Response, Doc. No. 18, I conclude that the amount Brown will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn Food Stores*, 679 F.2d at 1352-53.

I note that the information submitted in support of the settlement contradicts Plaintiff's sworn answers to the Court's interrogatories and calls into question the adequacy of the pre-suit inquiry in the present case required by Fed. R. Civ. P. 11.  Rule 11 requires, among other things, that counsel must make "an inquiry reasonable under the circumstances" before presenting a document to the Court. *Accord Business Guides, Inc. v. Chromatic Comm'ns Enters., Inc.*, 498 U.S. 533, 542, 551 (1991).  "Absent extenuating circumstances, an attorney cannot simply rely on the conclusory representations of a client. . . ." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1255 (11th Cir.

1996).  "If an attorney fail[s] to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."  *Id.* at 1254.

In an case brought under the FLSA, a reasonable pre-filing inquiry necessarily would include a substantive inquiry with Plaintiff regarding her attendance at work, including absences for vacations, medical leave, etc., and a request to Plaintiff's employer to inspect or copy Plaintiff's time sheets, payroll records, and other relevant records that an employer is required to maintain.[1]  *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.1, 516.2.  The answers to the Court's Interrogatories filed by Plaintiff, when coupled with the revelations in the Response, indicate that Plaintiff's counsel failed to conduct a reasonable pre-filing inquiry with Plaintiff and  Plaintiff's employer.[2]

The Court should consider requiring Plaintiff and her counsel to show cause why they should not be sanctioned pursuant to Rule 11 for submitting materially false answers to interrogatories.[3]  Although the Court's FLSA scheduling order prohibits taking discovery after suit is filed and before a Case Management and Scheduling Order is issued, it does not preclude Plaintiff from providing accurate information to her counsel or preclude counsel from conducting a pre-suit inquiry, including

---

[1]  Even if counsel reasonably believes such a request would be met with opposition, or with no response at all, he or she still must honor the obligations of Rule 11 and applicable case law.

[2]  The detailed inquiry undertaken to prepare the Response to Notice of Hearing, Doc. No. 18, is an example of the type of inquiry Rule 11 contemplates that attorneys will undertake prior to filing suit.

[3]  The notice of settlement seeking voluntary dismissal of the action has no effect on this Rule 11 inquiry.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397-98 ("[A] voluntary dismissal does not eliminate the Rule 11 violation."); *see also Footman v. Cheung*, 341 F. Supp. 2d 1218 (M.D. Fla. 2004) (order adopting Report and Recommendation for Rule 11 sanctions issued post-settlement for pre-settlement conduct).

asking to review an employer's records, before filing a complaint or submitting a plaintiff's sworn answers to the Court's interrogatories.

I continue to express serious concern about the failure of Plaintiff's counsel and his law firm to conduct proper pre-suit inquiries pursuant to Rule 11 in FLSA cases. This Court has handled many cases like this one in which a plaintiff's "estimate" of the amount of compensation due under the FLSA has been established to be substantially incorrect, and sometimes entirely false, after proper inquiry by plaintiff's counsel and discovery including review of the employers' records. *See, e.g., Larson v. Herzing, Inc.*, No. 6:08-cv-718-Orl-28KRS, doc. no. 17 (M.D. Fla. Jul. 16, 2008)(Spaulding, M.J.)(providing examples of FLSA cases in which plaintiffs' averments of FLSA compensation due proved incorrect after discovery and review of employers' records); *see also Daughtry v. Maximum Air Conditioning, Inc.*, No. 6:08-cv-156-Orl-28KRS, doc. no. 32 at 5 (M.D. Fla. Aug. 1, 2008)(Antoon, D.J.)(where payroll records revealed plaintiff failed to work five months of the time he alleged overtime compensation was due); *Dove v. A.R. Construction and Realty, Inc.*, Case No. 6:07-cv-909-Orl-22DAB, doc. no. 37 at 3 (M.D. Fla. July 25, 2008)(where payroll records showed only one week of overtime work for one plaintiff and no overtime work for second plaintiff); *see also Tillman v. Marlin Esourcing Solutions, LLC*, Case No. 6:07-cv-136-Orl-18KRS, doc. no. 55 (M.D. Fla., June 24, 2008)(Sharp, D.J.)(Rule 11 sanctions granted against plaintiff when employer's records established no evidentiary support for plaintiff's claims; case originally filed by Morgan & Morgan). This case is yet another addition to that long line of cases.

Accordingly, I respectfully recommend that the Court do the following:

1.     **DISMISS** the collective action allegations in the complaint;

2.     **FIND** that the amount received by Brown is a fair and reasonable

resolution of a bona fide dispute over FLSA provisions;

3.    **ISSUE** an order to show cause to Plaintiff and Plaintiff's counsel why they should not be sanctioned for failing to conduct a reasonable inquiry of the facts as required by Fed. R. Civ. P. 11 before submitting sworn answers to interrogatories to the Court;

4.    **DISMISS** the case as to Plaintiff Brown with prejudice without reserving jurisdiction to enforce the settlement agreement; and,

5.    **DIRECT** the Clerk of Court to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 28, 2008.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE